# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-05104-SVW-FFM | Date | December 17, 2018 |
|---|---|---|---|
| Title | *Azar Hadi et al v. McCune Wright Arevalo LLP et al.* *Bankruptcy Petition #10-16203-btb* | | |

# JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER DENYING MOTION TO DISMISS AND TRANSFERRING CASE TO BANKRUPTCY COURT [12][25]

Before the Court is a motion to dismiss Plaintiff Azar Hadi's complaint filed by Defendants Paul Komyatte and The Komyatte Law Firm, LLC ("Defendants"), Dkt. 12, and Plaintiff's motion to remand the case back to state court or, in the alternative, transfer the case to bankruptcy court in the District of Nevada, Dkt. 25. For the reasons stated below, Defendants' motion to dismiss is DENIED, and Plaintiff's motion to transfer is GRANTED.

## I.    Factual Background

### A.    Initiation of Litigation and Bankruptcy Proceedings

On April 1, 2005, Plaintiff was in a car accident in which she suffered serious injuries. 1st Am. Compl., Dkt. 1-4 (the "FAC"), ¶ 7. Plaintiff alleges that her car, a brand new Lexus, suddenly accelerated out of control without any input from Plaintiff, causing the car to collide with another vehicle. *Id.* Plaintiff did not think to initiate a lawsuit against Toyota Motor Corporation ("Toyota"), the manufacturer of her vehicle, until March 2010, when Plaintiff learned of the "sudden unintended acceleration" phenomenon that had occurred in other Toyota vehicles. *Id.* ¶ 13. Plaintiff sought

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05104-SVW-FFM | Date | December 17, 2018 |
|---|---|---|---|
| Title | *Azar Hadi et al v. McCune Wright Arevalo LLP et al.* *Bankruptcy Petition #10-16203-btb* | | |

representation and retained Defendants Komyatte and McCune Wright,[1] and Defendants filed an action against Toyota on behalf of Plaintiff in California state court on August 26, 2010 (the "Toyota Action"). *Id.* ¶¶ 14, 17; *see Hadi v. Toyota Motor Corp. et al.*, Case No. BC444384 (Cal. Super. Ct.). The Toyota Action was consolidated with other unintended acceleration cases in a Judicial Council Coordination Proceeding, which substantially increased the duration of Plaintiff's case. FAC ¶ 17; *see In re Toyota Motor Cases*, Case No. JCCP 4621 (Cal. Super. Ct.).

Prior to filing the Toyota Action, on April 9, 2010, Plaintiff filed for bankruptcy in the United States Bankruptcy Court for the District of Nevada. *Id.* ¶ 16; *see In re Hadi*, No. BK-S-10-16203-BAM (Bankr. D. Nev.) (the "Bankruptcy Action"). Despite the fact that Plaintiff was aware of the "unintended acceleration" phenomenon prior to opening the Bankruptcy Action, Plaintiff did not disclose her potential lawsuit against Toyota as an asset in her bankruptcy schedules, which Plaintiff claims was an inadvertent mistake based on her misunderstanding of bankruptcy law prior to formally retaining bankruptcy counsel. FAC ¶ 16. On July 20, 2010, the bankruptcy court granted Plaintiff a complete no-asset discharge of Plaintiff's debts without distributing any funds to creditors. *Id.*

## B. Reopening of the Bankruptcy Action

On May 20, 2016, Toyota moved for summary judgment against Plaintiff in the Toyota Action, claiming, inter alia, that Plaintiff's failure to disclose her legal claim against Toyota in the Bankruptcy Action warranted a complete dismissal of the Toyota Action under a theory of judicial estoppel. *Id.* ¶ 18. Six days before Plaintiff's opposition to Toyota's motion was due, Defendants contacted Plaintiff to discuss the substance of the opposition and suggested that Plaintiff reopen the Bankruptcy Action and amend the bankruptcy schedules to defeat Toyota's motion. *Id.* ¶ 19. Plaintiff alleges that Defendants retained a bankruptcy attorney named Tom Crowe and directed Mr. Crowe to file the necessary paperwork to reopen the Bankruptcy Action, which occurred on July 25, 2016. *Id.*; Dkt. 34 Ex. 2.[2]

---

[1]    McCune Wright was the predecessor to Defendant McCune Wright Arevalo, LLP, of which Defendants Richard McCune and David Wright are partners. *See* FAC ¶¶ 3, 14.

[2]    The Court GRANTS Defendants' Request for Judicial Notice, Dkt. 34, for all documents attached to the request that are cited in this Order, as the documents are publicly available and not subject to reasonable dispute, and Plaintiff has not challenged the authenticity of those documents. *See* Fed. R. Evid. 201. For all documents in Defendants' Requests for Judicial Notice, Dkts. 13, 23, 34, that are not cited in this Order, the Court finds those documents to be irrelevant or unnecessary to the motions to be decided, and therefore the Court DENIES as moot Defendants' requests to take judicial

|  | : |
|---|---|
| Initials of Preparer | PMC |

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-05104-SVW-FFM | Date | December 17, 2018 |
|---|---|---|---|

| Title | *Azar Hadi et al v. McCune Wright Arevalo LLP et al.*<br>*Bankruptcy Petition #10-16203-btb* |
|---|---|

Plaintiff avers that she never met or talked with Mr. Crowe prior to the reopening of the Bankruptcy Action, which was orchestrated solely by Defendants. *Id.* ¶¶ 19-20.

Defendants filed Plaintiff's opposition to Toyota's summary judgment motion in the Toyota Action, and in its reply brief, Toyota argued that the reopening of the Bankruptcy Action necessitated that Plaintiff's claim against Toyota was now the property of the bankruptcy estate and should be administered by the appointed bankruptcy trustee. *Id.* ¶ 21. The state court delayed ruling on the motion for summary judgment until Defendants filed a document indicating that Shelley Krohn, the Chapter 7 trustee for Plaintiff's bankruptcy estate ("Trustee"), would proceed with the Toyota Action. *Id.* ¶ 22; *see also In re Hadi*, No. BK-S-10-16203-BAM (Bankr. D. Nev.), Dkt. 34 (appointing Shelley D. Krohn as Chapter 7 trustee). The state court then denied Toyota's motion for summary judgment in its entirety. FAC ¶ 22.

### C.    Settlement of the Toyota Action

Following the reopening of the Bankruptcy Action, Trustee was now the named plaintiff in the Toyota Action and took over control of the case. *Id.* ¶ 23. Plaintiff alleges that she was unaware of the implications of reopening the Bankruptcy Action but that Defendants knew or should have known that the bankruptcy trustee, once appointed, would have absolute control over the Toyota Action. *Id.* ¶¶ 20-21, 23. On December 15, 2016, Trustee filed a motion in the Bankruptcy Action requesting the bankruptcy court to authorize Defendants as special counsel to Trustee. *Id.* ¶ 23; Dkt. 34 Ex. 4. Trustee requested that Defendants' employment be *nunc pro tunc* and apply retroactively to April 9, 2010, the date the bankruptcy petition was first filed. Dkt. 34 Ex. 4, ¶ 6. The bankruptcy court granted Trustee's motion on January 23, 2017 and authorized Defendants to serve as special counsel for Trustee *nunc pro tunc* to April 9, 2010. FAC ¶ 23; Dkt. 34 Ex. 5.

---

notice of those documents.

The Court also notes that Defendants purported to attach as Exhibit 3 to its second request for judicial notice the order from the bankruptcy court that reopened the Bankruptcy Action on July 25, 2016. Dkt. 34 ¶ 3. However, the actual document attached as Exhibit 3 is Ms. Krohn's motion for approval of the settlement agreement filed in the Bankruptcy Action, also attached as Exhibit 7. Without having been presented with a copy of the order, the Court cannot take judicial notice of the bankruptcy court's order reopening the Bankruptcy Action.

|  | : |
|---|---|
| Initials of Preparer | PMC |

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05104-SVW-FFM | Date | December 17, 2018 |
|---|---|---|---|
| Title | *Azar Hadi et al v. McCune Wright Arevalo LLP et al.* *Bankruptcy Petition #10-16203-btb* | | |

In May 2017, Trustee and Defendants settled the Toyota Action for an undisclosed amount. FAC ¶ 24. Plaintiff alleges that she had no involvement in the settlement discussions, was not informed by Defendants or Trustee that a settlement offer from Toyota would be accepted, and was not given an opportunity to approve or reject the settlement. *Id.* Plaintiff claims that she only first learned of the settlement on May 25, 2017, when Defendant David Wright informed Plaintiff in person of the settlement terms. *Id.* Plaintiff allegedly "begged" Trustee and Defendants to withdraw the settlement, and Plaintiff even hired independent counsel to attempt to convince Trustee and Defendants not to seek approval of the settlement. *Id.* ¶ 25.

Despite Plaintiff's requests, on September 22, 2017, Trustee filed a motion in the Bankruptcy Action to approve the settlement of the Toyota Action. *See* Dkt. 34 Ex. 7 (filed under seal); *id.* Ex. 8 (*ex parte* application to seal the motion).[3] On December 7, 2017, the bankruptcy court granted Trustee's motion for approval of the settlement agreement, authorizing Trustee to pay Defendants a contingency fee of 40% and reimburse Defendants for all litigation expenses from the settlement amount. Dkt. 34 Ex. 15.

On December 21, 2017, Plaintiff, represented by Mr. Crowe, filed a motion for reconsideration in the Bankruptcy Action, seeking reconsideration of the bankruptcy court's approval of special counsel fees and common benefit fees out of the settlement amount on the grounds that Trustee consented in her reply brief to defer determination on those matters to a later hearing. Dkt. 34 Ex. 16, at 3-4. Substantively, Plaintiff sought a reduction in the contingency fee to be paid to Defendants based on her allegations of "multiple instances of wrongful conduct," arguments which Plaintiff made in her opposition to Trustee's motion to approve the settlement. *See id.* at 3. On February 12, 2018, the bankruptcy court granted Plaintiff's motion for reconsideration only with respect to the issues Plaintiff raised in her motion, and the court set an evidentiary hearing regarding Defendants' fees and costs and any common benefit fees owed from the settlement amount. Dkt. 34 Ex. 20, at 2. Plaintiff voluntarily withdrew her motion for reconsideration without prejudice on February 23, 2018. Dkt. 34 Ex. 23.

### D. Procedural History

---

[3]    On September 5, 2017, Plaintiff also had filed a motion to convert the Bankruptcy Action from a Chapter 7 case to a Chapter 13 case, which the bankruptcy court denied on December 7, 2017. *See* Dkt. 34 Exs. 6, 14.

:
_____

Initials of Preparer          PMC

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05104-SVW-FFM | Date | December 17, 2018 |
|---|---|---|---|
| Title | *Azar Hadi et al v. McCune Wright Arevalo LLP et al.* *Bankruptcy Petition #10-16203-btb* | | |

On February 28, 2018, Plaintiff filed a complaint in state court, alleging claims for legal malpractice, breach of fiduciary duty, fraud, and violation of the rules of professional responsibility against Defendants in their representation of Plaintiff in connection the Toyota Action. *See* Dkt. 1-2. Plaintiff argues that Defendants are liable for failing to inform Plaintiff of the legal repercussions of reopening the Bankruptcy Action on the Toyota Action, including that Plaintiff would no longer have control over the Toyota Action or settlement of the Toyota Action, and that Plaintiff would never have accepted the settlement offer entered into by Trustee had she retained control of the case. Plaintiff filed a First Amended Complaint on March 12, 2018, alleging substantially the same causes of action. *See* Dkt. 1-4.

Defendants removed Plaintiff's case to federal court on June 7, 2018, asserting as the basis for federal jurisdiction that the Court has original and exclusive jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1452(a), 157(b)(1), and 1334(a). *See* Dkt. 1 at 2. On June 14, 2018, Defendants filed a motion to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. *See* Dkt. 12. In response, on July 7, 2018 Plaintiff filed a motion to remand the case to state court or, in the alternative, transfer the case to the bankruptcy court in the District of Nevada overseeing the Bankruptcy Action. *See* Dkts. 25, 26.

## II.     Subject-Matter Jurisdiction

### A.     Removal

United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Consequently, a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Due to this presumption, federal courts must exercise "prudence and restraint" when considering the propriety of removal jurisdiction. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). District courts within the Ninth Circuit "strictly construe the removal statute against removal jurisdiction" and reject removal "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citations omitted). The defendant seeking removal "bears the burden of overcoming the 'strong presumption against

|  |  | : |  |
|---|---|---|---|
| | Initials of Preparer | | PMC |

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05104-SVW-FFM | Date | December 17, 2018 |
|----------|-----------------------|------|-------------------|

| Title | *Azar Hadi et al v. McCune Wright Arevalo LLP et al.*<br>*Bankruptcy Petition #10-16203-btb* |
|-------|----------------------------------------------------------------------------------------------|

removal jurisdiction.'" *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

As the basis for removal of Plaintiff's state law malpractice action, Defendants assert that the Court has jurisdiction over Plaintiff's case under 28 U.S.C. §§ 1334(b) and 1452(a). "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]." 28 U.S.C. § 1452(a). Under 28 U.S.C. § 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[4]

The distinction between cases that "arise under" or "arise in" Title 11, on the one hand, and cases that are "related to" Title 11, on the other hand, "has significance as a jurisdictional consideration." *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995). The former category of cases arising in or under Title 11 are considered "core" bankruptcy proceedings under 28 U.S.C. § 157(b), which provides a bankruptcy judge with the authority to make determinations in core proceedings and enter final orders and judgments subject to appellate-like review by a district court. *Id.*; *see* 28 U.S.C. § 157(b)(1). In non-core proceedings under § 157(c), the bankruptcy courts assumes the role of a magistrate, in that "the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions" under a de novo review. 28 U.S.C. § 157(c)(1); *see also In re Harris Pine Mills*, 44 F.3d at 1436 (quoting *Taxel v. Elec. Sports Research (In re Cinematronics)*, 916 F.2d 1444, 1449 (9th Cir. 1990)).

Whether a matter constitutes "core" or "non-core" bankruptcy proceedings is primarily relevant for the question of whether an action before a district court should instead be remanded to state court. *See, e.g.*, *Estate of Scott v. Cervantes*, No. CV 08-03293 MMM (CWx), 2008 WL 11337657, at *3 (C.D. Cal. July 29, 2008) ("[A]s a general matter where a state action is not a core proceeding, 'considerations of equity support remand to state court.'") (quoting *City of Moreno Valley v. Century-TCI Cal., L.P.*, No. EDCV02-1387-VAP(SGLX), 2003 WL 22126450, at *2 (C.D. Cal. Mar. 21, 2003)). The Court addresses the question of remand below in Section III of this Order. For purposes of determining

---

[4]    Title 11 of the United States Code governs bankruptcy proceedings.

Initials of Preparer           :     PMC

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-05104-SVW-FFM | Date | December 17, 2018 |
|----------|----------------------|------|-------------------|
| Title | *Azar Hadi et al v. McCune Wright Arevalo LLP et al.* *Bankruptcy Petition #10-16203-btb* | | |

whether removal was proper in the first instance, however, the party seeking removal need only show that, under the minimum requirements of "related-to" jurisdiction, "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy . . . [or] the outcome could alter the debtor's rights, liabilities, options, or freedom of action . . . and which in any way impacts upon the handling and administration of the bankruptcy estate." *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (emphasis removed) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).[5]

Here, Plaintiff's action for malpractice against Defendants is, at a minimum, undeniably "related to" the Bankruptcy Action. Plaintiff's cause of action only arose because of Defendants' representation of Plaintiff in her bankruptcy proceedings. The resolution of this action for malpractice will affect Plaintiff's bankruptcy estate, because if Plaintiff is successful, any recovery Plaintiff may receive could be available to any of the remaining creditors in the Bankruptcy Action. Therefore, Defendants have made a sufficient showing that federal jurisdiction, on its face, is proper under § 1452(a).[6]

### B.   *Barton* Doctrine

Although Defendants argued in their Notice of Removal that Plaintiff's state action is properly removable to federal court under § 1452(a), Defendants then take a conflicting position and seek dismissal of Plaintiff's action under Federal Rule of Civil Procedure 12(b)(1), arguing that this Court does *not* have subject-matter jurisdiction over Plaintiff's case under the *Barton* doctrine.

First articulated by the Supreme Court in *Barton v. Barbour*, 104 U.S. 126 (1881), the *Barton* doctrine provides that a party may not bring a lawsuit against a court-appointed receiver for acts done in the receiver's official capacity, unless the appointing court has affirmatively granted leave to sue. *In re*

---

[5]   The Ninth Circuit applies a more stringent "close nexus" test to determine whether related-to bankruptcy jurisdiction exists once a bankruptcy plan has been "confirmed." *See In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005) (noting that "post-confirmation bankruptcy court jurisdiction is necessarily more limited than pre-confirmation jurisdiction, and that the *Pacor* formulation may be somewhat overbroad in the post-confirmation context"). Neither Plaintiff nor Defendants suggest that a bankruptcy plan has been confirmed in Plaintiff's bankruptcy action, and the Court's independent review of the docket in the bankruptcy action did not lead to a conclusion to the contrary. Therefore, the Court declines to apply the "close nexus" test here.

[6]   As discussed further in Section III below, Plaintiff's action is more than just "related to" the Bankruptcy Action. Plaintiff's claims against court-approved counsel for a court-appointed bankruptcy trustee satisfy the requirements of "arising in" jurisdiction and, therefore, constitute "core" bankruptcy proceedings.

| | : |
|---|---|
| Initials of Preparer | PMC |

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05104-SVW-FFM | Date | December 17, 2018 |
|---|---|---|---|
| Title | *Azar Hadi et al v. McCune Wright Arevalo LLP et al.*<br>*Bankruptcy Petition #10-16203-btb* | | |

*Kashani*, 190 B.R. 875, 884 (B.A.P. 9th Cir. 1995) (citing *Barton*, 104 U.S. at 136-37; *Leonard v. Vrooman*, 383 F.2d 556, 560 (9th Cir. 1967)). Part of the rationale for the *Barton* doctrine is that the appointing court has in rem subject-matter jurisdiction over the property of the receivership, and therefore another court would not, on its own, have subject-matter jurisdiction to entertain a lawsuit against the court-appointed official overseeing property in the court's "possession." *Barton*, 104 U.S. at 136-37. "The *Barton* doctrine is a practical tool to ensure that all lawsuits that could affect the administration of the bankruptcy estate proceed either in the bankruptcy court, or with the knowledge and approval of the bankruptcy court." *In re Harris*, 590 F.3d 730, 742 (9th Cir. 2009).

The Ninth Circuit applies the *Barton* doctrine to trustees or other fiduciaries appointed by a bankruptcy court. *See In re Balboa Improvements, Ltd.*, 99 B.R. 966, 970 (B.A.P. 9th Cir. 1989) (acknowledging the well-settled principle that a court-appointed bankruptcy fiduciary, including a debtor's attorney or trustee, "cannot be sued in state court without leave of the bankruptcy court for acts done in his official capacity and within his authority as an officer of the court"); *In re Crown Vantage, Inc.*, 421 F.3d 963, 970-71 (9th Cir. 2005) (expressly holding that "a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity"). The Ninth Circuit noted that the reasons for the *Barton* doctrine "apply with greater force to bankruptcy proceedings than to other proceedings involving receivers" because the bankruptcy court "obtains exclusive in rem jurisdiction over all of the property of the estate" without regard for where the property is located. *In re Crown Vantage*, 421 F.3d at 971 (quoting *In re Simon*, 153 F.3d 991, 996 (9th Cir. 1998)); *see also Blixseth v. Brown*, 470 B.R. 562, 565 (Bankr. D. Mont. 2012) ("The purpose of the *Barton* Doctrine is to centralize bankruptcy litigation, which helps avoid inconsistent rulings from different courts and ensures that the forum most familiar with the case—the bankruptcy court—presides over related claims."). Accordingly, "[t]he requirement of uniform application of bankruptcy law dictates that all legal proceedings that affect the administration of the bankruptcy estate be brought either in bankruptcy court or with leave of the bankruptcy court." *In re Crown Vantage*, 421 F.2d at 971.

When applying the *Barton* doctrine, a court must determine whether the following three elements are met: (1) the plaintiff is attempting to "initiate[] an action in another forum," (2) the action is "against a bankruptcy trustee or other officer appointed by the bankruptcy court," and (3) the allegedly unlawful acts were "done in the officer's official capacity." *Id.* at 970; *see also Blixseth*, 470 B.R. at 566. Here, all three conditions of the *Barton* doctrine are satisfied.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05104-SVW-FFM | Date | December 17, 2018 |
|---|---|---|---|
| Title | *Azar Hadi et al v. McCune Wright Arevalo LLP et al.*<br>*Bankruptcy Petition #10-16203-btb* | | |

1.     *Forum*

First, Plaintiff's malpractice action is brought in a different forum than the bankruptcy court. Plaintiff filed her action in California state court, and Defendants removed the action to this Court. Plaintiff concedes in her opposition that both California state court and this Court in the Central District of California are different forums than the bankruptcy court in the District of Nevada presiding over the Bankruptcy Action. *See* Dkt. 20 at 6. Therefore, the first element of the *Barton* doctrine is satisfied.[7]

2.     *Appointed Official*

Second, Plaintiff's lawsuit is brought against court-appointed officials in the Bankruptcy Action. The bankruptcy court approved Defendants as special counsel to Trustee pursuant to 11 U.S.C. § 327, which authorizes a trustee to employ attorneys with the court's approval to assist with the administration of the estate. *See* Dkt. 34 Ex. 5; 11 U.S.C. § 327(a). Accordingly, Defendants were "court appointed officers who represent the estate" and therefore "the functional equivalent of a trustee." *See Crown Vantage*, 421 F.3d at 971 (quoting *In re DeLorean Motor Co.*, 991 F.2d 1236, 1241 (6th Cir. 1993)). Indeed, court-approved counsel for a bankruptcy appointee are explicitly considered to be "appointed officials" for purposes of the *Barton* doctrine. *See In re Balboa Improvements*, 99 B.R. at 970 ("Jurisdiction over a claim of misconduct by the debtor's attorney in the administration of an estate may be analogized to the exclusive jurisdiction over similar claims against a court-appointed trustee or debtor-in-possession."); *In re DeLorean*, 991 F.2d at 1241 (citing *In re Balboa Improvements* and holding that "counsel for trustee . . . are the functional equivalent of a trustee" where counsel "act at the direction of the trustee and for the purpose of administering the estate or protecting its assets"); *Carter v.*

---

[7]     Although Defendants assert subject-matter jurisdiction in this Court on the basis of this Court's derivative jurisdiction for Plaintiff's bankruptcy action under 28 U.S.C. §§ 157 and 1334, the Ninth Circuit previously held that the district court is considered to be a different forum than the bankruptcy court for purposes of the *Barton* doctrine. *See In re Kashani*, 190 B.R. at 885 ("While it is true that 28 U.S.C. § 157(a) does allow the district court to refer jurisdiction to the bankruptcy court, both courts cannot concurrently preside over the same aspects of the case . . . The district court, in any federal district, or a bankruptcy court in any district other than the [presiding bankruptcy district] would, in the present case, be classified as a court other than the appointing court."); *see also Blixseth*, 470 B.R. at 566 (despite the district court's derivative jurisdiction under § 157 and § 1334, "the District Court is a different forum than the Bankruptcy Court for purposes of the *Barton* Doctrine").

|  | : |
|---|---|
| Initials of Preparer | PMC |

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05104-SVW-FFM | Date | December 17, 2018 |
|---|---|---|---|
| Title | *Azar Hadi et al v. McCune Wright Arevalo LLP et al.*<br>*Bankruptcy Petition #10-16203-btb* | | |

*Rodgers*, 220 F.3d 1249, 1252 n. 4 (11th Cir. 2000) (citing *In re DeLorean* and refusing to distinguish between officers "appointed" or "approved" by a bankruptcy court under the *Barton* doctrine analysis); *Blixseth*, 470 B.R. at 567 (following *Carter* and finding that the *Barton* doctrine applies to the chair of an unsecured creditors committee because committee member appointments are subject to the bankruptcy court's approval under 11 U.S.C. § 1102(a)(4)).

The bankruptcy court approved Defendants as special counsel for Trustee *nunc pro tunc* dating back to April 9, 2010, the date Plaintiff first filed the Bankruptcy Action. Dkt. 34 Ex. 5, at 2. The *nunc pro tunc* order establishes that any representative actions Defendants took in the course of the Toyota Action apply not to Plaintiff as the client, but to Trustee, because Trustee was the rightful party-in-interest from the inception of the Toyota Action. Because the Bankruptcy Action predates Defendants' initiation of the Toyota Action on behalf of Plaintiff, pursuant to the *nunc pro tunc* order, any actions Defendants took in representing Plaintiff in the Toyota Action are legally considered to be Defendants' representation of Trustee in the administration of Plaintiff's bankruptcy estate. *See Nunc Pro Tunc*, Black's Law Dictionary (10th ed. 2014) (defining *nunc pro tunc* as "[h]aving retroactive legal effect through a court's inherent power" and noting that a *nunc pro tunc* order has "the same legal force and effect as if made at the time when it should have been made"). Thus, any claims Plaintiff may have against Defendants during the course of the Toyota Action are brought against Defendants in their capacity as court-approved counsel for Trustee, *not* in their capacity as counsel for Plaintiff outside of the context of the bankruptcy estate.

Plaintiff concedes that the Toyota Action should have been listed as an asset of the estate, and therefore Plaintiff does not contest validity or legal effect of the bankruptcy court's *nunc pro tunc* order. Nevertheless, Plaintiff argues for a limited interpretation of the *nunc pro tunc* effect of the bankruptcy court's order, which Plaintiff claims was solely for the purpose of the bankruptcy court's retroactive approval of Defendants' fee agreement so that Defendants could be compensated as special counsel for Trustee. Dkt. 20 at 14, 18.

Plaintiff's argument misunderstands the reason for the *nunc pro tunc* order, which was also to institute Trustee as the trustee for Plaintiff's bankruptcy estate from the date that Trustee should have been in control of the Toyota Action. Through the appointment from the bankruptcy court in 2016, Trustee became the legal party in interest in the Toyota Action, because any recovery by Plaintiff in the Toyota Action would necessarily become available to Plaintiff's creditors in the Bankruptcy Action.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05104-SVW-FFM | Date | December 17, 2018 |
|---|---|---|---|
| Title | *Azar Hadi et al v. McCune Wright Arevalo LLP et al.* *Bankruptcy Petition #10-16203-btb* | | |

Had Plaintiff properly disclosed the Toyota litigation on her bankruptcy schedule in the first instance in 2010, a trustee would have been appointed to administer the Toyota Action from its inception, and the action never would have proceeded with Plaintiff as the party-in-interest. Thus, the appointment of Trustee has the legal effect of replacing Plaintiff with Trustee in the litigation dating back to when the Bankruptcy Action was first filed.

Simply put, in light of Plaintiff's prior bankruptcy case, Plaintiff never had a right to bring an action against Toyota on her own behalf. The bankruptcy court's *nunc pro tunc* order effectuates the fact that Trustee was the true party-in-interest in the Toyota Action from its inception. Bankruptcy courts in the Ninth Circuit are authorized under the Bankruptcy Act to issue orders of appointment *nunc pro tunc*, which is an equitable remedy used in exceptional circumstances but committed to the bankruptcy court's discretion. *See In re Atkins*, 69 F.3d 970, 973-74 (9th Cir. 1995). Nothing in the bankruptcy court's order purports to limit the *nunc pro tunc* effect solely to matters surrounding Defendants' compensation; as Defendants noted in their reply brief, the bankruptcy court's order approving of Defendants as special counsel also contemplated Defendants' continuing representation of Trustee during the pendency of the Toyota Action, which was still ongoing at the time of the order. And, to the extent that Plaintiff suggests that the bankruptcy court did not have authority in the initial instance to apply Defendants' representation retroactively, it is not for this Court to decide whether the bankruptcy court abused its discretion in issuing the order *nunc pro tunc*. Such a review would be the subject of an appeal made by a party in the Bankruptcy Action pursuant to the Federal Rules of Bankruptcy Procedure.

Next, Plaintiff argues that Defendants were not court-appointed officials for purposes of the *Barton* doctrine because Defendants were never approved as special counsel in the Toyota Action, the specific action for which Plaintiff is suing Defendants for malpractice. Dkt. 20 at 6. Plaintiff states that the bankruptcy court's order appointed Defendants as special counsel "in accordance with the terms of the agreement set forth in the Motion and Declaration in support for this Order." Dkt. 34 Ex. 5. Plaintiff argues that Trustee's motion and the accompanying declarations[8] do not mention the Toyota Action and instead only refers to the consolidated Toyota case in California state court, which Plaintiff alleges is a distinctly separate case. Dkt. 20 at 7-8. Therefore, Plaintiff construes the bankruptcy court's order

---

[8] In her opposition to Defendants' motion to dismiss, Plaintiff quotes the declarations submitted by Trustee to accompany the motion for approval of special counsel, but it appears that neither Plaintiff nor Defendants filed the declarations with this Court.

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05104-SVW-FFM | Date | December 17, 2018 |
|---|---|---|---|
| Title | *Azar Hadi et al v. McCune Wright Arevalo LLP et al.* *Bankruptcy Petition #10-16203-btb* | | |

appointing Defendants as special counsel to be limited only to Defendants' representation of Trustee in the consolidated case against Toyota and excluding Plaintiff's individual action against Toyota. *Id.*

Plaintiff's distinction between her individual action against Toyota and the consolidated Toyota case is without merit. California state law allows for "complex" civil actions with common questions of fact or law to be coordinated and heard before a judicial officer, provided that the coordination "will promote the ends of justice." *See* Cal. Code Civ. Proc. §§ 404, 404.1. The Toyota Action was added to the coordinated Toyota litigation for reasons of judicial efficiency, because of the substantial similarities between Plaintiff's case and many others filed against Toyota for "unintended acceleration" incidents. *See* Dkt. 23 Exs. 3-4. The coordinated action against Toyota was intended to resolve common questions of fact and law across all unintended acceleration cases, but it was not a separate legal cause of action against Toyota. Defendants' representation of Plaintiff—which was, in fact, representation of Trustee by virtue of the *nunc pro tunc* order—encompassed both the Toyota Action and the coordinated proceeding.

Moreover, Trustee's motion to approve Defendants as special counsel to Trustee, incorporated by reference into the bankruptcy court's order, did not explicitly limit Defendants' representation to the coordinated Toyota action. The motion defined the term "Lawsuit" only in reference to the case number for the coordinated proceeding, but later in the motion "Lawsuit" was used to describe the action Plaintiff initiated in the Superior Court of California on August 20, 2010—which was plainly the Toyota Action. *See* Dkt. 34 Ex. 4, at 1-2. Attached to the motion as "Exhibit B" was the cover page of Plaintiff's Second Amended Complaint filed in the Toyota Action. *See id.* at Ex. B. Despite the fact that Trustee's motion did not include the case number for the Toyota Action in the body of the motion, it was clear that the motion was not intended to limit Defendants' representation as special counsel solely to the coordinated Toyota proceedings.[9]

In summary, the bankruptcy court's *nunc pro tunc* order approving Defendants as special counsel to Trustee dating back to April 9, 2010 necessarily means that Plaintiff's claims for legal malpractice

---

[9] Plaintiff also argues that Defendants' motivation behind applying the *nunc pro tunc* order in this case is to seek quasi-judicial immunity to insulate themselves from any potential liability for malpractice. Dkt. 20 at 15-18. The Court need not reach the question of whether quasi-judicial immunity should apply to Defendants' actions because, as detailed in Section III below, the Court transfers Plaintiff's malpractice action to the bankruptcy court, and such a substantive determination about quasi-judicial immunity is properly for the bankruptcy court to decide once it has jurisdiction over Plaintiff's case.

|  | : |
|---|---|
| Initials of Preparer | PMC |

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05104-SVW-FFM | Date | December 17, 2018 |
|----------|----------------------|------|-------------------|

| Title | *Azar Hadi et al v. McCune Wright Arevalo LLP et al.* <br> *Bankruptcy Petition #10-16203-btb* |
|-------|---|

against Defendants were brought against an official approved by the bankruptcy court, thus satisfying the second requirement of the *Barton* doctrine.

> 3.     *Official Capacity*

Lastly, Plaintiff's allegations pertain to Defendants' actions in their official capacity as attorneys for Trustee. Numerous courts have held that allegations of malpractice against attorneys in connection with bankruptcy proceedings constitute acts done in the attorneys' "official capacity" for purposes of the *Barton* doctrine. *See In re Sedgwick*, 560 B.R. 786, 793 (C.D. Cal. 2016) (upholding the applicability of the *Barton* doctrine to claims of "malpractice committed by Appellees in their official capacity as Appellant [debtor]'s bankruptcy attorneys"); *Yan Sui v. Wells Fargo Bank, N.A.*, No. SACV 16-00223 JAK (AJW), 2017 WL 5624297, at *14 (C.D. Cal. Oct. 5, 2017) (finding the *Barton* doctrine applicable regarding claims that arose "from [the defendants'] alleged conduct in representing the Chapter 7 bankruptcy trustee" because "those claims arise from their conduct in their official capacity after the bankruptcy court approved their engagement as special litigation counsel"); *In re DeLorean*, 991 F.2d at 1241 (holding that the *Barton* doctrine applies to all acts taken by the bankruptcy trustee's counsel "for the purpose of administering the estate or protecting its assets") (citing *In re Balboa Improvements*, 99 B.R. at 970).

As detailed above, the *nunc pro tunc* order establishes that Defendants' actions surrounding the reopening of the Bankruptcy Action in 2016 were made by Defendants as special counsel for Trustee. Even though Defendants' alleged malpractice in failing to inform Plaintiff of the consequences of reopening the Bankruptcy Action occurred as part of the Toyota Action, the *nunc pro tunc* order establishes that the Toyota Action was an asset of Plaintiff's bankruptcy estate and is retroactively considered to be an asset administered by Trustee for the benefit of the estate. The remainder of Plaintiff's allegations pertain to Defendants' actions in advising and supporting Trustee in connection with proceedings in the Bankruptcy Action once reopened, which clearly fall within the scope of Defendants' "official capacity" as special counsel for Trustee. Therefore, Plaintiff's action for malpractice against Defendants satisfies the third prong of the *Barton* analysis.

> 4.     *Conclusion*

|  | : |
|---|---|
| Initials of Preparer | PMC |

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-05104-SVW-FFM | Date | December 17, 2018 |
|----------|-----------------------|------|-------------------|

| Title | *Azar Hadi et al v. McCune Wright Arevalo LLP et al.* *Bankruptcy Petition #10-16203-btb* |
|-------|--------------------------------------------------------------------------------------------|

Based on the above, the Court finds that the *Barton* doctrine applies to Plaintiff's state law claims of malpractice against Defendants, claims which are brought against Defendants in their official capacity as special counsel for Trustee appointed by the bankruptcy court in the Bankruptcy Action.

It is undisputed that Plaintiff did not seek leave of the bankruptcy court to bring this action in a different forum than the bankruptcy court. Therefore, the Court does not have subject-matter jurisdiction over Plaintiff's case under the *Barton* doctrine.

## III. Transfer

Because the *Barton* doctrine renders the Court without jurisdiction over Plaintiff's state law claims, the Court must determine how to dispose of the present action.

Defendants urge the Court to dismiss Plaintiff's action outright under Rule 12(b)(1), but that result would be inequitable and contrary to Defendants' obligation to prove federal subject-matter jurisdiction upon removal, the failure of which typically necessitates remand. *See Hansen*, 902 F.3d at 1057.

Plaintiff urges the Court to remand her case to state court under § 1452(b), which provides that a district court facing removal under § 1452(a) "may remand such claim or cause of action on any equitable ground," a decision which is not reviewable on appeal. 28 U.S.C. § 1452(b). However, because of the *Barton* doctrine, the state court also would not have jurisdiction over Plaintiff's claims in the absence of consent from the bankruptcy court. Therefore, remand would be futile.

Plaintiff's motion for the Court to abstain from hearing this action under 28 U.S.C. § 1334(c)(2) is unavailing because there is no "parallel proceeding in state court" as required for § 1334(c) abstention to apply. *In re Lazar*, 237 F.3d 967, 981 (9th Cir. 2001) (quoting *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1009 (9th Cir. 1997)). Furthermore, as analyzed below, Plaintiff's claims of malpractice constitute "core" proceedings subject to bankruptcy jurisdiction and are not "related to" a case under Title 11 as required for mandatory abstention under § 1334(c)(2). Neither is permissive abstention under § 1334(c)(1) applicable here, because the Court need not analyze whether it is in the interest of justice or comity to abstain from hearing this action where the Court has already determined that subject-matter jurisdiction does not exist.

| | : |
|---|---|
| Initials of Preparer | PMC |

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05104-SVW-FFM | Date | December 17, 2018 |
|----------|----------------------|------|-------------------|

| Title | *Azar Hadi et al v. McCune Wright Arevalo LLP et al.* |
|-------|-------------------------------------------------------|
|       | *Bankruptcy Petition #10-16203-btb*                   |

In the alternative, Plaintiff seeks the Court to transfer the state law claims to the bankruptcy court. When a court determines that jurisdiction is lacking, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Because the state court would not have jurisdiction over Plaintiff's case following remand, then the appropriate remedy to allow Plaintiff to proceed on her malpractice claims is to transfer the case to the bankruptcy court in the District of Nevada presiding over the Bankruptcy Action—the only forum in which Plaintiff may bring her claims absent consent from the bankruptcy court. *See In re Harris*, 590 F.3d at 742 (the *Barton* doctrine "denies subject matter jurisdiction to all forums *except* the appointing court" and "is not a ground to dismiss a suit that is proceeding in the appointing bankruptcy court") (emphasis in original). The Bankruptcy Action remains ongoing, and it would not be in the interest of justice to dismiss Plaintiff's action and require her to refile the malpractice claims anew in the Bankruptcy Action. Instead, reasons of judicial efficiency warrant a transfer of Plaintiff's case to the bankruptcy court.

Transfer to the bankruptcy court is further supported by the fact that Plaintiff's malpractice action is a "core" proceeding under § 157(b) and is properly subject to bankruptcy jurisdiction. To reiterate from above, "core" proceedings are those that "arise in" or "arise under" Title 11, while "non-core" proceedings are those that only "relate to" Title 11. *In re Harris Pine Mills*, 44 F.3d at 1435. Generally, proceedings that "arise under" Title 11 "describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11." *In re Eastport Assocs.*, 935 F.2d 1071, 1076 (9th Cir. 1991) (quoting *In re Wood*, 825 F.2d 90, 96-97 (5th Cir. 1987)). Proceedings that "arise in" Title 11 "are not based on any right expressly created by title 11, but nevertheless, would have no existence outside the bankruptcy." *Id.* (quoting *In re Wood*, 825 F.2d at 96-97). A non-exhaustive list of types of core proceedings is outlined in § 157(b)(2), which includes catchall categories for "matters concerning the administration of the estate" or "other proceedings affecting the liquidation of assets of the estate." 28 U.S.C. § 157(b)(2)(A), (O). On the other hand, non-core proceedings that "relate to" the bankruptcy case "include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." *Vacation Village, Inc. v. Clark Cty., Nev.*, 497 F.3d 902, 911 (9th Cir. 2007) (quoting *Celotex Cor. v. Edwards*, 514 U.S. 300, 307 n. 5 (1995)).

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-05104-SVW-FFM | Date | December 17, 2018 |
|---|---|---|---|
| Title | *Azar Hadi et al v. McCune Wright Arevalo LLP et al.*<br>*Bankruptcy Petition #10-16203-btb* | | |

The Ninth Circuit has explicitly held that "postpetition state law claims asserted by or against a trustee in bankruptcy or the trustee's agents for conduct arising out of the sale of property belonging to the bankruptcy estate qualify as core proceedings." *In re Harris Pine Mills*, 44 F.3d at 1437 (upholding the characterization of claims against lawyers retained by the bankruptcy trustee as "core" proceeding subject to federal jurisdiction). Core proceedings extend to any post-petition claims brought against professionals appointed by the bankruptcy court. *Schultze v. Chandler*, 765 F.3d 945, 948-49 (9th Cir. 2014) (upholding determination that legal malpractice claims against counsel for an unsecured creditors' committee, each of which were appointed by the bankruptcy court, constitute core proceedings). Here, as explained above, Defendants are court-approved professionals acting as bankruptcy counsel for court-appointed Trustee in connection with Plaintiff's bankruptcy estate. Defendants and Trustee maintained control over the Toyota Action as an asset of Plaintiff's bankruptcy estate, which dated back to April 9, 2010 pursuant to the bankruptcy court's *nunc pro tunc* order. Defendants' alleged malpractice in connection with the Toyota Action and thereafter in the Bankruptcy Action is part of the "administration" of the assets of Plaintiff's bankruptcy estate. Plaintiff's claims against Defendants could not have existed in the absence of the Bankruptcy Action, which was the subject of Defendants' alleged malpractice. Therefore, Plaintiff's claims constitute "core" bankruptcy proceedings under § 157(b) and are properly subject to federal bankruptcy jurisdiction.[10]

Accordingly, because the bankruptcy court is the appropriate forum to adjudicate Plaintiff's claims for malpractice against Defendants as court-appointed counsel for Trustee, the Court GRANTS Plaintiff's motion to transfer the case to the bankruptcy court administering the Bankruptcy Action in the District of Nevada.

## IV. Conclusion

For the reasons set forth above, Defendants' motion to dismiss Plaintiff's case for lack of jurisdiction under Rule 12(b)(1) is DENIED. Plaintiff's motion to remand the case to state court is DENIED. Plaintiff's request in the alternative to transfer the case to the bankruptcy court in the District of Nevada is GRANTED.

---

[10] Following the transfer of this action to the bankruptcy court, the bankruptcy court may make its own determination of whether Plaintiff's claims constitute "core" or "non-core" proceedings under § 157.

|  | : |
|---|---|
| Initials of Preparer | PMC |

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05104-SVW-FFM | Date | December 17, 2018 |
|----------|----------------------|------|-------------------|
| Title | *Azar Hadi et al v. McCune Wright Arevalo LLP et al.* *Bankruptcy Petition #10-16203-btb* | | |

IT IS SO ORDERED.

cc: Bankruptcy Court
    District of Nevada

_____ : _____
Initials of Preparer                    PMC